DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-519-FDW
(3:04-cr-296-FDW)

| | |
|---|---|
| BILLY DEE WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on Petitioner's Petition for Relief Under 28 U.S.C. § 2241, that alternatively seeks a petition for writ of *coram nobis* or *audita querela*, filed on his behalf by counsel, (Doc. No. 1). Petitioner seeks relief from his sentence on the basis of the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The Respondent has filed a Motion to Dismiss, (Doc. No. 12), arguing that the Simmons claim is moot because Petitioner is now serving a presidentially commuted sentence. For the reasons that follow, the petition will be dismissed as moot.

**I. BACKGROUND**

On July 21, 2006, following a guilty plea, the Court adjudicated Petitioner guilty of: Count (1), conspiracy to possess with intent to distribute cocaine base; and (Count (2), using and carrying a firearm in furtherance of a drug trafficking crime and aiding and abetting the same. (Case No. 3:04-cr-296, Doc. No. 36). The Court sentenced Petitioner to life imprisonment for Count (1) and 60 months, consecutive, for Count (2), followed by a total of 10 years of supervised release. (3:04-cr-296, Doc. No. 36). The United States Court of Appeals for the Fourth Circuit denied the

Government's motion to dismiss Petitioner's appeal based on the appellate waiver in his plea agreement, but affirmed the Court's judgment on March 11, 2008. United States v. Williams, 269 Fed. Appx. 279 (4th Cir. 2008). The mandate issued on April 2, 2008. (Case No. 3:04-cr-296, Doc. No. 75).

Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 4, 2009, case number 3:09-cv-234-RJC, which the Court dismissed after finding that counsel was not ineffective. Williams v. United States, 2010 WL 3619426 (W.D.N.C. Sept. 9, 2010). The Court declined to issue a certificate of appealability. Williams v. United States, 2010 WL 4226159 (W.D.N.C. Oct. 21, 2010). The Fourth Circuit dismissed Petitioner's appeal on February 18, 2011. United States v. Williams, 411 Fed. Appx. 659 (4th Cir. 2011).

Petitioner filed a second § 2255 motion to vacate on August 16, 2012, case number 3:12-cv-589-RJC. The Court dismissed the motion to vacate as an unauthorized second or successive § 2255 petition on June 10, 2013. Williams v. United States, 2013 WL 2480256 (W.D.N.C. June 10, 2013).

On April 18, 2017, the President of the United States issued an Executive Grant of Clemency that commuted Petitioner's total sentence of imprisonment to 228 months' imprisonment, leaving intact the 10-year term of supervised release. (3:04-cr-296, Doc. No. 116).

Petitioner filed the instant § 2241 petition through counsel on September 16, 2013. (Doc. No. 1). The Government filed a Response arguing that Petitioner is not eligible for relief under § 2255 because it would be successive, however, he is entitled to relief pursuant to § 2241 and the savings clause because his life sentence for Count (1) is based on a prior conviction that no longer qualifies as a felony conviction after Simmons. (Doc. No. 7).

On July 20, 2017, the Respondent filed an unopposed motion to stay the instant

2

proceedings pending the Fourth Circuit's resolution of United States v. Surratt, No. 14-6851, that the Court granted on August 14, 2017. (Doc. No. 9). On January 4, 2018, the Respondent filed a Case Status Report informing the Court that, on December 11, 2017, the Supreme Court denied the petition for writ of certiorari. Surratt, 138 S.Ct. 554 (2017); (Doc. No. 12). On January 9, 2018, Respondent filed a Motion to Dismiss arguing that the instant petition is now moot because Petitioner is now serving a presidentially commuted sentence. (Doc. No. 12). Petitioner has not responded to the Motion to Dismiss.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without a response from the Government and without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Assuming, *arguendo*, that the Petition seeking relief from his life sentence is neither successive nor untimely, it must nevertheless be dismissed as moot.

Petitioner's life sentence has been reduced via presidential clemency order and he asserts no collateral consequences upon which § 2241 relief should be granted, so no case or controversy presently exists. Accord United States v. Hardy, 545 F.3d 280, 284 (4th Cir. 2008); Moore v. United States, 2015 WL 1959557 at *2 (M.D.N.C. Apr. 27, 2015). Thus, the Court will dismiss the instant petition as moot.

## IV. CONCLUSION

Petitioner's § 2241 petition seeking relief from his enhanced recidivist life sentence is moot due to a presidential clemency order, and the Respondent's Motion to Dismiss (Doc. No. 12), is therefore granted.

**IT IS THEREFORE ORDERED THAT**:

1. Respondent's Motion to Dismiss, (Doc. No. 12), is **GRANTED**, and Petitioner Motion to Vacate Sentence Under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for a Writ of *Audita Querela*, (Doc. No. 1), is **DISMISSED** as moot.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 3, 2018

Frank D. Whitney
Chief United States District Judge